UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6296-CR-FERGUSON

UNITED STATES OF AMERICA,
Plaintiff,

vs.

DONNA JACKSON,
Defendant.
_____/



## DEFENDANT'S OBJECTION TO THE PRE-SENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD DEPARTURE

The Defendant, DONNA JACKSON, through undersigned counsel, files her objection to the Pre-sentence Investigation Report (PSI) and respectfully moves for a downward departure from the otherwise applicable guideline offense level, and in support thereof, the defendant states:

### OBJECTION TO PRE-SENTENCE INVESTIGATION REPORT

#### Role Adjustment

Ms. Donna Jackson objects to the Probation Officer's failure to recommend a four-level reduction for her minimal role in the offense, under U.S.S.G. § 3B1.2 (a), or at least a two-level reduction for her minor role in the offense, under U.S.S.G. § 3B1.2 (b).[1] The role she played fits the definition of such a "minimal" and/or "minor" participant.

---

[1] Where a Defendant with no history of criminal record or drug abuse was recruited to take a package of drugs, given a train ticket, with no knowledge of amount of drugs (181.31 grams of cocaine and 235.24 grams of crack, worth approximately $43,000) and did not know how much she would be paid, counsel was found to be ineffective for failing to seek minor role reduction. *United States v. Soto*, 132 F.3d 56, 57, 59 (D.C. Cir. 1997). The court held: "we cannot imagine a defendant better suited for serious consideration under 3B1.2. . ." *Id.* at 59.



The Commentary to U.S.S.G. § 3B1.2 provides that "a *minor* participant means any participant who *is less culpable than most other* participants, but whose role could not be described as minimal." *Id.*, comment. (n. 3) (emphasis added). The Supreme Court has held that the Commentary is conclusive in interpreting the Guidelines and may neither be changed nor disregarded by the courts. *See United States v. Stinson*, 508 U.S. 36, 113 S. Ct. 1913, 1917 (1993). This Commentary further provides that the "*minimal* participant" provision:

> is intended to cover defendants who are plainly among the least culpable of those in the conduct of a group. Under this provision, the defendant's *lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others* is indicative of a role as minimal participant.
>
> .... It would be appropriate, for example, for someone who played no other role in a very large drug smuggling operation then to off load part of a single marijuana shipment, or in a case *where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs.*

§ 3B1.2., comment. n. 1 and 2 (emphasis added).

To clarify the intent of this section, the United States Sentencing Commission has proposed an amendment to § 3B1.2., pursuant to 28 U.S.C. section 994 (a), (o), and (p), to, *inter alia*, delete language suggesting that a minimal role adjustment is intended to be used infrequently.[2] Moreover, the amendment provides that a defendant in a drug trafficking offense, whose role was limited to transporting or storing drugs, and who was accountable only for the drugs the defendant personally

---

[2] Amendments proposed by the Sentencing Commission "shall take effect on a date specified by the Commission, which shall be no earlier than 180 days after being so submitted and no later than the first day of November of the calendar year in which the ... amendment is submitted, except to the extent that the effective date is revised or the amendment is otherwise modified or disapproved by Act of Congress." *See* 28 U.S.C. § 994 (p). Very rarely has Congress disapproved a proposed amendment. So long as it is not disapproved, the instant amendment will take effect on November 1, 2001.

2

transported or stored, is not precluded from receiving a mitigating role adjustment, be it minor or minimal, even in a single defendant case. See 65 F.R. 66792, 66798 (Nov 7, 2000), attached hereto as Exhibit 1. Here, Ms. Jackson's role was limited to transporting drugs and she is being held accountable for the drugs that she personally transported. Accordingly, she is eligible for a mitigating role adjustment.

According to the United States Customs Service Report filed in this case, Ms. Jackson agreed to smuggle the cocaine because she was attempting to purchase property in Jamaica and needed money to complete the transaction. A friend of hers introduced her to Patrick because she had a United States Visa. Patrick gave Ms. Jackson the cocaine at the Upper Deck Hotel in Montego Bay, Jamaica. She swallowed the cocaine there while Patrick witnessed. Another individual was there wrapping the cocaine pellets. After Ms. Jackson finish swallowing the cocaine, Patrick put her in a taxi and gave her cash to purchase an airline ticket to Fort Lauderdale. Patrick told Ms. Jackson that she would be picked up by an unknown female who would recognize her by the clothes she was wearing.

Ms. Jackson's status as a courier does not presumptively preclude her from being considered as a minor participant. *See United States v. De Varon*, 175 F.3d 930, 943 (11th Cir.1999). In determining whether a drug courier is entitled to a role reduction, the district court should consider the following: the amount of drugs, the fair market value of the drugs, the defendant's equity interest in the drugs, the defendant's role in planning the criminal scheme, and role in the distribution. See Id. at 945.

In this case, Ms. Jackson was recruited as a drug courier for a single smuggling transaction. Ms. Jackson did not participate in the planning of the smuggling transaction. Ms. Jackson was not

3

the supplier of the cocaine and did not participate in the packaging of the cocaine. Ms. Jackson was to have no role in the distribution of the cocaine after she delivered the cocaine to the unknown female. Accordingly, Ms. Jackson is less culpable than Patrick and the person responsible for distributing the cocaine once it was brought into the United States. Therefore, Ms. Jackson is entitled to at least a two level reduction pursuant to USSG § 3B1.2(b)

### Conclusion

Ms. Jackson respectfully requests that this court sustain her objection to the Pre-sentence Investigation Report and grant her Motion for Downward Departure and impose a sentence which is consistent with the facts and arguments set forth above.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Daryl E. Wilcox
Assistant Federal Public Defender
Florida Bar No. 838845
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 ext. 112
(954) 356-7556 (fax)

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this 5th day of March, 2001 to Assistant United States Attorney Bruce Brown, 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33301; Karen J. Howard, United States Probation Office, Room 315, United States Courthouse, 300 N.E 1st Avenue Miami, Florida 33132-2126

Daryl E. Wilcox

S:\WILCOX\Jackson\OBJ-PSI.wpd

4

| Citation | Found Document | Rank 1 of 1 | Database |
|---|---|---|---|
| 65 FR 66792-01 | | | FR |
| 2000 WL 1662971 (F.R.) | | | |
| **Cite as: 65 FR 66792** | | | |

NOTICES

UNITED STATES SENTENCING COMMISSION

Sentencing Guidelines for United States Courts

Tuesday, November 7, 2000

*66792  AGENCY: United States Sentencing Commission.

ACTION: Notice of proposed amendments to sentencing guidelines, policy statements, and commentary. Request for public comment.

SUMMARY: Pursuant to section 994(a), (o), and (p) of title 28, United States Code, the Commission is considering promulgating certain amendments to the sentencing guidelines, policy statements, and commentary. This notice sets forth the proposed amendments and, for each proposed amendment, a synopsis of the issues addressed by that amendment.

The specific amendments proposed in this notice are summarized as follows: (1) proposed amendment to address aggravating conduct associated with the unlawful supplementation of the salary of certain federal employees and to consolidate §§ 2C1.3 (Conflict of Interest), 2C1.4 (Payment or Receipt of Unauthorized Compensation), and 2C1.5 (Payments to Obtain Public Office) to simplify overall guideline application for covered offenses; (2) proposed amendment to § 2B5.1 (Offenses Involving Counterfeit Bearer Obligations of the United States) to increase the base offense level and to replace the minimum offense level for manufacturing offenses with a two-level enhancement; (3) proposed amendment to § 2H3.1 (Interception of Communications or Eavesdropping) to address several offenses relating to the unlawful disclosure and/or inspection of tax return information; and (4) proposed amendments that address four circuit conflicts as follows: (A) proposed amendment to 1.2 (Applicable Guidelines) to provide that a factual statement made by a defendant at a plea colloquy is not a stipulation for purposes of 1.2(a) unless that statement is agreed to as part of the plea agreement; (B) two options for amending § 2A2.2 (Aggravated Assault) to clarify that (i) both the base offense level and the weapon use enhancement in § 2A2.2(b)(2) shall apply to aggravated assaults that involve a dangerous weapon with intent to cause bodily injury; and (ii) instruments, such as a car or chair, that ordinarily are not used as weapons may qualify as dangerous weapons for purposes of § 2A2.2(b)(2) if the defendant involves them in the offense with the intent to cause bodily injury; (C) proposed amendment to § 2F1.1 (Fraud and Deceit) to provide for application of the enhancement in § 2F1.1(b)(4)(A) if either (i) the defendant falsely represented that the defendant was an employee

65 FR 66792-01
**Cite as: 65 FR 66792, *66797)**

Proposed Amendment

 The Commentary to § 2F1.1 captioned "Application Notes" is amended by striking Note 5 in its entirety and inserting the following:
 5. Misrepresentation.---Subsection (b)(4)(A) applies in any case in which (A) the defendant represented that the defendant was an employee or authorized agent of a charitable, educational, religious, or political organization, or government agency when, in fact, the defendant was not such an employee or agent; or (B) the defendant was an employee or agent of the organization or agency and represented that the defendant was acting solely to obtain a benefit for the organization or agency, when in fact, the defendant intended to divert all or part of that benefit (e.g., for the defendant's personal gain). Subsection (b)(4)(A) would apply, for example, to the following:
 (A) A defendant who solicits contributions for a non-existent famine relief organization.
 (B) A defendant who solicits donations from church members by falsely claiming to be a fund raiser for a religiously affiliated school.
 (C) A defendant, chief of a local fire department, who conducts a public fund raiser representing that the purpose of the fund raiser is to procure sufficient funds for a new fire engine when, in fact, the defendant diverts some of the funds for the defendant's personal benefit.
 If the conduct that forms the basis for an enhancement under subsection (b)(4)(A) is the only conduct that forms the basis for an adjustment under § 3B1.3 (Abuse of Position of Trust or Use of Special Skill), do not apply an adjustment under § 3B1.3.
 The embezzlement of funds alone is not sufficient to warrant application of subsection (b)(4)(A). The embezzled funds must have been solicited pursuant to a misrepresentation that the defendant was acting to obtain a benefit for the organization or agency. However, if a defendant who embezzles funds **\*66798** holds a position of public or private trust, § 3B1.3 (Abuse of Position of Trust or Use of Special Skill) may apply.".

Proposed Amendment: Circuit Conflict Concerning Certain Drug Defendants and Mitigating Role

7. Synopsis of Proposed Amendment

 This amendment proposes to resolve a circuit conflict regarding whether application of § 3B1.2 (Mitigating Role) is precluded (i.e., without the necessity of applying the guideline to the facts) in the case of a single defendant drug courier if the defendant's base offense level is determined solely by the quantity personally handled by the defendant and that quantity constitutes all of the defendant's relevant conduct. Compare e.g., United States v. Isaza-Zapata, 148 F.3d 236, 241 (3d. Cir. 1998) (defendant who pleaded guilty to importing heroin was sentenced based on amounts in his personal possession, but if he can meet the requirements of § 3B1.2 he is entitled to the reduction upon

65 FR 66792-01
**Cite as: 65 FR 66792, *66798**

appropriate proof) with United States v. Isienyi, 207 F.3d 390 (7th Cir. 2000) (defendant pleaded guilty to one count of importing a specified quantity of heroin; held defendant ineligible for a mitigating role adjustment when his offense level consisted only of amounts he personally handled).
  The proposed amendment adopts the view that such a defendant, in a single defendant case, is not precluded from receiving a mitigating role adjustment.
  In addition to resolving the circuit conflict, the proposed amendment (A) incorporates commentary from the Introduction to Chapter Three, Part B (Role in the Offense) that there must be more than one participant before application of a mitigating role adjustment may be considered; (B) incorporates the definition of "participant" found in the aggravating role guideline; (C) amends commentary to indicate that the mitigating role adjustment ordinarily is not warranted if the defendant receives a lower offense level than warranted by the actual criminal conduct because, for example, the defendant was convicted of a less serious offense or otherwise was held accountable under a plea for a lesser quantity of drugs than warranted by the defendant's actual conduct; (D) deletes commentary language that the minimal role adjustment is intended to be used infrequently; and (E) makes technical amendments to the guideline (such as the addition of headings for, and the reordering of, application notes in the commentary) that are intended to have no substantive impact on the guideline.

Proposed Amendment

  The Commentary to § 3B1.2 captioned "Application Notes" is amended in Note 1 by inserting "Minimal Participant.--" before "Subsection (a)"; and by inserting "described in Application Note 3(A)" before "who plays".
  The Commentary to § 3B1.2 captioned "Application Notes" is amended in Note 3 by striking "For purposes of § 3B1.2(b), a minor participant means any participant" and inserting "Minor Participant.--Subsection (b) applies to a defendant described in Application Note 3(A)".
  The Commentary to § 3B1.2 is amended by striking Notes 2 and 4 in their entirety; by redesignating Notes 1 and 3 as Notes 4 and 5, respectively; and by inserting before redesignated Note 4 (formerly Note 1) the following:
"1. Definition.--For purposes of this guideline, 'participant' has the meaning given that term in Application Note 1 of § 3B1.1 (Aggravating Role).
2. Requirement of Multiple Participants.--This guideline is not applicable unless more than one participant was involved in the offense.  See the Introductory Commentary to this Part (Role in the Offense).  Accordingly, an adjustment under this guideline may not apply to a defendant who is the only defendant convicted of an offense unless that offense involved other participants in addition to the defendant and the defendant otherwise qualifies for such an adjustment.
3. Applicability of Adjustment.--
(A) Substantially Less Culpable than Average Participant.--This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant.

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

65 FR 66792-01
**Cite as: 65 FR 66792, *66798**

However, a reduction for a mitigating role under this section ordinarily is not warranted in the case of a defendant who has received an offense level lower than the offense level warranted by the defendant's actual criminal conduct (because, for example, the defendant was convicted of a less serious offense or was held accountable for a quantity of drugs less than what the defendant otherwise would have been accountable under 1.3 (Relevant Conduct)). In such a case, the defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense. For example, if a defendant whose actual conduct involved a minimal role in the distribution of 25 grams of cocaine (an offense having a Chapter Two offense level of level 14 under § 2D1.1) is convicted of simple possession of cocaine (an offense having a Chapter Two offense level of level 6 under § 2D2.1), no reduction for a mitigating role is warranted because the defendant is not substantially less culpable than a defendant whose only conduct involved the simple possession of cocaine.
  (B) Fact-Based Determination.--The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, involves a determination that is heavily dependent upon the facts of the particular case. As with any other factual issue, the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted.
  (C) Applicability to Certain Defendants.--A defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who, based on the defendant's criminal conduct, is accountable under 1.3 (Relevant Conduct) only for the quantity of drugs the defendant personally transported or stored is not precluded from receiving an adjustment under this guideline.".
  The Commentary to § 3B1.2 is amended by striking the background in its entirety.
  Issues for Comment: The Commission invites comment on the following:
  (1) With respect to a defendant whose role in a drug offense is limited to transporting or storing drugs, should the Commission, as an alternative to the proposed amendment, preclude such a defendant from receiving any mitigating role adjustment under § 3B1.2? Alternatively, should the Commission provide that such a defendant may qualify only for a minor role adjustment, but not a minimal role adjustment?
  (2) Should the example in proposed Application Note 3(C) (i.e., that a defendant whose role in a drug trafficking offense is limited to transporting or storing drugs and who is accountable under 1.3 (Relevant Conduct) only for the quantity of drugs the defendant personally transported or stored is not precluded from receiving a mitigating role adjustment) be broadened to make clear that the rule is intended to cover defendants convicted of offenses other than drug trafficking offenses who have a similarly limited role in the offense? Specifically, should the example be expanded to make clear that the rule is intended to apply to a defendant who has a similarly limited role in any offense and who is accountable under 1.3 only for that **66799** portion of the offense for which the defendant was personally involved?

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works